IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID J. ANNARELLI,<br>　　　Petitioner, | )<br>)<br>) | Case No. 7:21-cv-00337 |
| v. | )<br>)<br>) | By: Elizabeth K. Dillon |
| HAROLD CLARKE,<br>　　　Respondent. | )<br>) | United States District Judge |

| | | |
|---|---|---|
| DAVID J. ANNARELLI,<br>　　　Petitioner, | )<br>)<br>) | Case No. 7:21-cv-00356 |
| v. | )<br>)<br>) | By: Elizabeth K. Dillon |
| HAROLD CLARKE,<br>　　　Respondent. | )<br>) | United States District Judge |

**MEMORANDUM OPINION**

David J. Annarelli, a Virginia inmate proceeding *pro se*, filed these two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In both of them, he challenges his 2017 conviction in Floyd County Circuit Court for malicious wounding of a law enforcement officer in violation of Virginia Code § 18.2-51.1. As discussed below, it is clear that these two petitions cannot be brought under § 2241 because Annarelli is challenging a state-court judgment and in state custody. Instead, they must be construed as petitions under 28 U.S.C. § 2254. But so construed, they are successive petitions, and he has not received authorization to file them as required by 28 U.S.C. § 2244(b)(2)–(3). Accordingly, both petitions must be dismissed without prejudice.

I. BACKGROUND

The factual background underlying Annarelli's 2017 conviction is set forth in the court's prior memorandum opinion in *Annarelli v. Clarke*, No. 7:20-cv-00025, ECF No. 15 (W.D. Va. Mar. 29, 2021), and the court will not repeat it here. After completion of his direct appeals,

Annarelli filed a state habeas action, which was denied. Thereafter, Annarelli filed a petition under 28 U.S.C. § 2254 in this court, asserting the following three issues:

> (1) Ineffective assistance of counsel in failing to investigate, prepare, and present evidence of Annarelli's longstanding, serious mental illness;
> (2) Ineffective assistance of counsel in failing to investigate, develop, and present evidence of Annarelli's impaired mental state at the time of the offense; and
> (3) Ineffective assistance of counsel in failing to investigate, develop, and present evidence of Annarelli's impaired memory of the offense.

*Id.* at 17–18. This court denied his petition and denied him a certificate of appealability. *Id.* at 24. Annarelli thereafter appealed, but his appeal recently was dismissed for failure to prosecute it. *Annarelli v. Clarke*, No. 21-6516 (4th Cir. June 24, 2021).

While his appeal was pending, Annarelli filed both of these habeas petitions pursuant to § 2241. In the first, No. 7:21-cv-00337, he lists three grounds for relief. All rely on the passage of a new law, which he describes as a "Marcus Alert." He claims that police are now required to receive "training for mental health scenarios [and] to be accompanied by a mental health specialist," and he complains that he was "never afforded this common sense protocol." (Dkt. No. 1 at 6.) In Ground Two, he states that under the new law, "mental health must be considered at all stages of the legal process," and in Ground Three, he asserts that police are now required to wear body cameras, exercise de-escalation techniques," and utilize other tactics, and that he was "never afforded [any of these] common sense protocols." (*Id.* at 7.)

In his second petition, No. 7:21-cv-00356, Annarelli raises three grounds for relief that he acknowledges were not filed in his prior petition because they "were not known to [him] until" he "began digging into [his] case." (Dkt. No. 1 at 8.) In general terms, his claims are (1) that the Commonwealth Attorney used false statements against him as "evidence" and failed to consider abuse he suffered in his early teens; (2) a Fifth Amendment violation based on his statements

2

being used against him, despite the fact that he was experiencing an "extreme emotional disturbance" at the time; and (3) what he calls a "suppression of evidence" based on the fact that a Floyd County deputy acknowledged that it was "dark and quiet" at the house when they arrived, but the deputies never knocked and announced and instead simply entered the house. *Annarelli v. Clarke*, No. 7:21-cv-356, ECF No. 1, at 6-7.

## II. DISCUSSION

As an initial matter, Annarelli has not filed the correct type of habeas action. Specifically, because Annarelli is in custody pursuant a state court judgment and is challenging that judgment, § 2241 is not available as a vehicle to him, and he must instead utilize 28 U.S.C. § 2254 to challenge his conviction or sentence. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254,' for purposes of § 2244(b).").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "sets stringent limits on second or successive habeas applications." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Before turning to those restrictions, though, it must be noted that AEDPA's "phrase 'second or successive application' . . . is a 'term of art,' which 'is not self-defining.'" *Id.* at 1705 (citations omitted). Thus, not every habeas filing that is chronologically second or successive in time is a "second or successive" petition within the meaning of AEDPA. *Id.*

A petition is not considered successive, for example, if: (1) the first petition was dismissed without prejudice on technical grounds, such as failure to exhaust state remedies, (2) a claim was not ripe at the time of the first petition, such as when a judgment intervenes between the two habeas petitions and the new application challenges the new judgment, (3) when a petitioner seeks to file a mental incompetency claim pursuant to *Ford v. Wainwright*, 477 U.S.

3

399 (1986), or (4) when a prisoner used his first petition (or first § 2255 motion) to regain a right to appeal. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) (discussing situation where the initial habeas petition was "unadjudicated on its merits and dismissed for failure to exhaust state remedies"); *In re Gray*, 850 F.3d 139, 142 (4th Cir. 2017) (discussing new petition challenging intervening judgment); *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) (discussing *Ford* motions for incompetence); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (discussing petitioner seeking to regain a right to appeal under § 2255); *Evans v. Smith*, 220 F.3d 306, 323–25 (4th Cir. 2000) (reviewing exceptions). None of those exceptions are applicable here, however.

As noted, Annarelli previously filed a § 2254 petition, and the court dismissed that petition with prejudice and denied a certificate of appealability. Because his current petitions do not satisfy any of the exceptions to the successive petition bar, they are both subject to the restrictions on second or successive petitions set forth in 28 U.S.C. § 2244(b).

There are two overarching restrictions. First, a district court generally must dismiss with prejudice any second or successive claims adjudicated on the merits in a prior petition. 28 U.S.C. § 2244(b)(1); *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005). The claims here were not asserted or directly adjudicated in Annarelli's first habeas petition, so this restriction has no application here.

Second, a district court can consider previously unadjudicated or "new" claims in a second or successive petition only if the applicant first receives authorization from the appropriate court of appeals. "In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider a [successive] application." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015); *Richardson v. Thomas*, 930 F.3d 587,

594–95 (4th Cir. 2019) (noting same and explaining that "jurisdiction to consider the question of whether the prisoner has made a prima facie showing that he satisfies the requirements of § 2244(b)(2) rests exclusively with the federal courts of appeal[s].").

To obtain such authorization, the applicant must show that (1) the claim relies on a new, previously unavailable, rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven, would sufficiently establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)–(3).

It is unclear upon which of these options Annarelli would rely, but, regardless, he has not sought or received authorization from the Fourth Circuit to file his petition, as he must. And without Annarelli first obtaining pre-filing authorization from the Fourth Circuit, this court lacks jurisdiction to consider his successive petitions. *See Richardson*, 930 F.3d at 594–95.

### III. CONCLUSION

For the reasons stated, the court construes Annarelli's petitions as ones brought pursuant to 28 U.S.C. § 2254 and will dismiss both petitions for lack of jurisdiction. An appropriate order will enter this day.

Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

An appropriate order will be entered.

Entered: July 8, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge