IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID J. ANNARELLI,<br>　　Petitioner,<br><br>v.<br><br>HAROLD CLARKE,<br>　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:21cv00337<br><br><br>By:  Elizabeth K. Dillon<br>　　　United States District Judge |
| DAVID J. ANNARELLI,<br>　　Petitioner,<br><br>v.<br><br>HAROLD CLARKE,<br>　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:21cv356<br><br><br>By:  Elizabeth K. Dillon<br>　　　United States District Judge |

**OPINION AND ORDER**

　　David J. Annarelli, a Virginia inmate proceeding *pro se*, previously filed petitions for habeas corpus pursuant to 28 U.S.C. § 2241 in these matters.  By order entered July 8, 2021, this court dismissed both petitions, without prejudice, as successive petitions for relief under 28 U.S.C. § 2254.  (Dkt. No. 3.)  A week later, Annarelli filed motions for writ of error coram nobis in these cases (Dkt. No. 4) and in his original § 2254 case, 7:20cv00025; those motions were dismissed for lack of jurisdiction by order entered October 4, 2021.  (Dkt. No. 7.)  Still pending before this court is Annarelli's request to refile his § 2241 petition, dated September 13, 2021, which has been docketed as a motion for reconsideration.  (Dkt. No. 6.)  For the reasons stated below, the motion is denied.

　　First, as noted in the court's order of July 8, 2021, because Annarelli is a state prisoner in state custody pursuant to a state court judgment, any challenge to his state court judgment of

conviction is to be treated as an application under § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Because Annarelli had already filed a § 2254 petition, adjudicated on its merits and dismissed, this court cannot consider a second or subsequent § 2254 petition—challenge to constitutionality of detention under state court conviction—unless the Fourth Circuit Court of Appeals has authorized a subsequent petition in advance, as required by 28 U.S.C. § 2244(b). To the extent Annarelli's letter of September 13, 2021, was intended to be a request for preauthorization, it has been filed with the wrong court. Preauthorization can come only from the Circuit Court of Appeals. *Id.*

Second, to the extent Annarelli is asking the court to reconsider its dismissal of the § 2241 petitions, the cases he cites do not support his request. Both cases involve federal inmates serving time for federal convictions, which are governed by different rules. *Borden v. United States* was a direct appeal from a federal conviction and sentence, not a habeas petition. *Borden*, 141 S. Ct. 1817 (2021). The issue involved was whether the Armed Career Criminal Act sentencing enhancement applied to enhance the defendant's sentence. It has nothing to do with the procedural requirements attached to post-conviction challenges of state court convictions. Likewise, the other case Annarelli cites involved compassionate release sentence reductions under the federal First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). That act applies only to defendants incarcerated for federal crimes, not state crimes.

For the reasons stated, the motion for reconsideration (Dkt. No. 6) is **DENIED**.

The Clerk is directed to send copies of this opinion and order to Mr. Annarelli.

Entered: May 31, 2022.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge